No. 47

## EMERICH v. KOERNER

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1351. Decided Nov. 27, 1926

**573. FRAUDULENT CONVEYANCES —** When property in the name of a Company made her on a note is deeded to the wife before the execution of said note; but is filed for record shortly after, there is a reasonable inference from the circumstances that it was desired to keep the deed off record until the note transaction was consummated; and this constitutes at least constructive fraud.

BY THE COURT.

This action was brought by John Emerich, a creditor of F. G. Koerner, to set aside a deed made by Koerner to his wife. It seems that the deed in question was made and delivered on Oct. 5, 1921. In November Koerner, with another stockholder, entered into a contract for re-financing the Columbus Milling Co. In pursuance of the agreement on Dec. 1921, various stockholders, including Koerner, executed a note for $68,000 to the Guaranty Co.

The deed to Mrs. Koerner was recorded Jan. 6, 1922, later a deficiency of the $43,000 on the note was paid by Emerich who secured judgment against Koerner for his portion of the liability. Emerich averred that the deed was executed and delivered with intent to defraud creditors.

The Court of Appeals held:

1. While there is an atempt to prove that the deed to Mrs. Koerner was based upon a valid consideration, the weight of the evidence was that there was no legal consideration and that the conveyance to Mrs. Koerner was without consideration.

2. Koerner claims that the property was carried in his name to sustain his credit. The signers of the note were Koerner's business associates and presumably knew the value of the property standing in his name and presumably dealt with him on the faith and credit of said property.

3. As the deed was filed a short time after the execution of the note, there is a reasonable inference from the circumstances that Koerner desired to keep the deed off record until this transaction was consummated.

4. That would at least be constructive fraud on part of Koerner against his associates who became makers on the note and in view of Mrs. Koerner's testimony that her husband was her agent, the constructive fraud would also be chargeable against her.

5. Emerich is entitled to a decree setting aside the deed and subjecting the property therein of his debt.

Decree accordingly.

(Allread, Ferneiding & Kunkle, JJ., concur.)

Attorneys—C. A. Swanker for Emerich; Fronk S. Monett for Koerner; both of Columbus.